# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER BUCKENBERGER** | **CIVIL ACTION NO. 05-333-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN BATSON** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Christopher Buckenberger, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on February 23, 2005. When Petitioner filed this petition, he was incarcerated in the Forcht Wade Correctional Center in Keithville, Louisiana. He has since been released from incarceration. He challenges his state court conviction and sentence. Petitioner names Warden Batson as respondent.

Petitioner claims that on August 30, 2004, he was convicted of one count of second degree battery in the Louisiana First Judicial District Court, Parish of Caddo. He claims he was sentenced to one year imprisonment.

In support of this petition, Petitioner alleges (1) his plea agreement was breached, (2) he was denied a free copy of his Boykin/sentencing transcript, (3) he was illegally arrested,

and (4) he was maliciously prosecuted.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

**LAW AND ANALYSIS**

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner has failed to provide documentation to evidence that his claims were fully exhausted in the state courts. The Supreme Court of Louisiana denied Petitioner's application for writs on June 3, 2005. See State ex rel. Buckenberger v. State, 2005-1176 (La. 6/30/05), 903 So.2d 469. However, Petitioner fails to demonstrate that the claims he raises in this

petition were raised in his application for writs in the Supreme Court of Louisiana. Furthermore, the Supreme Court of Louisiana denied his application for writs on June 30, 2005, after he filed this petition on February 23, 2005.  Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 23rd day of September, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Stagg